IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JAMES CHARLES GOVEA, § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:07-CV-470-Y |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner James Charles Govea, TDCJ #11656704, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Cleveland, Texas.[1]

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

---

[1] At the time this petition was filed, Govea was confined in the pre-parole release facility in Mineral Wells, Texas. Although he has not notified the Court of a change of address, the TDCJ website reflects that Govea in now confined at the Cleveland unit. *See* TDCJ, Offender Information Detail, *available at* http://www.tdcj.state.tx.us/offender_information.

Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedural History

Govea is serving three concurrent 10-year sentences on his 2003 convictions for intoxication manslaughter and intoxication assault in the 22nd Judicial District Court of Hays County, Texas, cause number CR-01-371. (State Habeas R. at 12-14) Although eligible for mandatory supervision release, the Texas Board of Pardons and Paroles (the Board) denied Govea release to mandatory supervision pursuant to § 508.149(b) on April 27, 2007.[2] (Resp't Answer, Exhibits A & B.) Govea's next review date was set for April 2008. (*Id.*, Exhibit B.) Govea filed a state habeas application, raising the claims presented herein, which was denied by the Texas Court of Criminal Appeals without written order. *Ex parte Govea*, Application No. WR-67,804-01, at cover. Govea filed this federal petition on August 8, 2007.[3]

## D. Issues

Generally, Govea claims the Board misapplied § 508.149(b) of the Texas Government Code (entitled "Inmates Ineligible for Mandatory Supervision") to his case and the Board's denial of his release violates his constitutional rights and the pre-parole contract agreement with TDCJ. (Petition

---

[2]Section 508.149(b) provides:

> (b) An inmate may not be released to mandatory supervision if a parole panel determines that:
> (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>
> (2) the inmate's release would endanger the public.

TEX. GOV'T CODE ANN. § 508.149(b) (Vernon Supp. 2007).

[3]A pro se habeas petition is deemed filed when the petition is delivered to the prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998)

2

at 7-8; Pet'r Memorandum at 5-16.)

## E. RULE 5 STATEMENT

Quarterman believes Govea has sufficiently exhausted his state remedies as to the claims presented. 28 U.S.C. § 2254(b), (c).

## F. DISCUSSION

A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, any protected liberty interest to release prior to expiration of Govea's sentence must arise from state law.

Govea claims he obtained pre-parolee status with a presumptive parole date and is entitled to release on parole. There is no factual basis in the record for these claims. The record does not reflect that the Board established a presumptive parole date for Govea at the time he was transferred to the pre-parole facility. *See* TEX. GOV'T CODE ANN. §§ 499.001(4), 508.151 (Vernon 2004). Instead, it appears he was transferred to the pre-parole facility within one year of his mandatory supervision release date. *See id.* § 499.02. Govea provides no evidence that TDCJ or the Board considered his mandatory supervision release date as a presumptive parole date or that he was ever transferred from pre-parole status to parole status. *Id.* §§ 499.002, 499.005. Govea's mere assertions, unsupported by anything contained in the record, have no probative evidentiary value in this proceeding. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Thus, Govea's claims that he had a protected liberty interest in his presumptive parole date and that the Board improperly

3

revoked his pre-parole contract are groundless.

Equally groundless is Govea's claim that § 508.149(b) is not applicable to him because he was released to the custody of the Board when transferred to the pre-parole release facility, thus entitling him to the due process requirements set forth in *Morrissey v. Brewer*, 408 U.S. 471 (1972) (providing minimum due process requirements in a parole revocation case). Texas's pre-parole program is not "a kind of parole" as envisioned by *Morrissey*. *See Patterson v. Cockrell*, No. 4:02-CV-511-Y, 2002 WL 32509028, at *4-5 (N.D. Tex. Oct. 24, 2002) (not designated for publication). *Compare Young v. Harper*, 520 U.S. 143, 152-53 (1997) (holding that due to nature of Oklahoma's pre-parole program it was a "kind of parole").

Govea claims § 508.149(b) is unconstitutionally vague and allows the Board unfettered discretion in denying release to otherwise eligible inmates. The statute calls on the Board to evaluate the inmate's potential for rehabilitation and whether his release would endanger the public. The Texas Court of Criminal Appeals has held these are valid concerns in making the release decision and are not so vague as to provide the Board with no guidance in their decision. *Ex parte Geiken*, 28 S.W.3d 553, 557 (Tex. Crim. App. 2000). The state court reasoned that "[t]he early release decision is necessarily subjective and cannot be limited to rigidly defined factors." *Id.* This construction is binding on this court. *Ferguson v. Estelle*, 718 F.2d 730, 733 n.5 (5th Cir. 1983).

Govea claims he has a protected liberty interest in his release on mandatory supervision and is entitled to certain procedural due process. The Texas mandatory supervision scheme does create a constitutional expectancy of early release entitled to minimum due process protection. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *Ex parte Geiken*, 28 S.W.3d 553,

4

558-60 (Tex. Crim. App. 2000). In light of the liberty interest created by the statute, the Texas Court of Criminal Appeals has determined that, under these circumstances, constitutional due process requires that an eligible inmate be provided timely notice that he will be considered for mandatory supervision release and a meaningful opportunity to be heard–i.e., an opportunity to tender or have tendered to the Board information in support of release. *Ex parte Geiken*, 28 S.W.3d at 559-60. Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Id.* at 560. In a later opinion, the state court determined that the notice requirement requires the Board to inform the inmate of the specific month and year he will be reviewed. *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004).

On January 17, 2007, Govea was notified that the Board would review his file for discretionary mandatory supervision release within thirty days of his projected release date of May 17, 2007. (Resp't Answer, Exhibit A) He was informed that if he wished to submit any additional information, he should do so in writing before April 2, 2007, to the Parole Division. (*Id.*) Thereafter, on April 27, 2007, the Board decided to deny Govea discretionary mandatory supervision release and notified him of its decision, the reasons for its decision, and that his case would be reviewed again in April 2008. (*Id.*) Notwithstanding his good behavior in prison, Govea has not demonstrated that the Board's decision, or the state court's rejection of his claims, is contrary to clearly established federal law or is otherwise unreasonable. 28 U.S.C. § 2254(d). As a matter of state and constitutional law, it appears Govea was afforded all the due process he was entitled.

Govea claims application of § 508.149(b) to his case violates his rights under the equal protection clause and, by implication, the separation of powers clause. Govea has not shown,

5

however, that the Board denied him release on mandatory supervision because of any purposeful discrimination or any impermissible motive, such as race. *See Johnson v. Rodriguez*, 110 F.3d 299, 306-08 (5th Cir. 1997). Furthermore, he cites to no clearly established federal law that § 508.149(b) implicates a violation under the separation of powers clause, and none has been found.

## II. RECOMMENDATION

Govea's petition should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 23, 2008. Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 23, 2008, to serve and file, not merely place in the mail, written objections to the United States Magistrate

6

Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 2, 2008.

                                                    /s/ Charles Bleil
                                                    CHARLES BLEIL
                                                    UNITED STATES MAGISTRATE JUDGE